IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

BENJAMIN D. TARVER,

    Plaintiff,

v.

MORGAN STANLEY
SMITH BARNEY LLC

    Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.

**6:26-cv-01129-AGM-DCI**

## AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, BENJAMIN D. TARVER ("Plaintiff"), sues Defendant MORGAN STANLEY SMITH BARNEY LLC ("Defendant"), and alleges:

## INTRODUCTION

1. This is an action for damages and other relief arising from Defendant's violations of the Electronic Fund Transfer Act ("EFTA"), 15 U.S.C. § 1693 et seq., and its implementing regulation, Regulation E, 12 C.F.R. Part 1005.

2. Plaintiff submitted a written notice of error to Defendant concerning disputed electronic fund transfer transactions associated with ATM withdrawals posted to Plaintiff's account.

3. Despite receiving Plaintiff's written notice of error, Defendant failed to properly investigate the dispute, failed to timely provide provisional credit, failed to provide required notices and findings, and improperly represented that disputes were only accepted by telephone.

1

4. As a result of Defendant's conduct, Plaintiff suffered actual damages including loss of use of funds and expenditure of time attempting to resolve the matter.

## PARTIES

5. Plaintiff Benjamin D. Tarver is a natural person and consumer residing in Orlando, Orange County, Florida.

6. Defendant Morgan Stanley Smith Barney LLC is a foreign limited liability company authorized to conduct business in the State of Florida.

7. Defendant conducts business under and through the E*TRADE brand and provides consumer electronic fund transfer services, including debit card and ATM access services, to consumers.

8. Upon information and belief, Defendant is a "financial institution" within the meaning of the Electronic Fund Transfer Act and Regulation E.

9. Upon information and belief, Defendant may be served through its registered agent, C T Corporation System, 1200 South Pine Island Road, Plantation, Florida 33324.

## JURISDICTION AND VENUE

10. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under the Electronic Fund Transfer Act, 15 U.S.C. § 1693 et seq.

11. Venue is proper in the United States District Court for the Middle District of Florida pursuant to 28 U.S.C. § 1391 because Plaintiff resides in this District and a substantial portion of the events giving rise to the claims occurred within this District.

## FACTUAL ALLEGATIONS

12. Plaintiff maintained a consumer account with Defendant accessible through a debit card ending in 3999.

2

13. During April 2026, two ATM withdrawal transactions in the approximate amounts of $550.86 and $560.95 were posted to Plaintiff's account.

14. One disputed transaction was associated with BANCO SANTANDER AV. BANAMPAK SM L MZ 1L, Cancun, Mexico.

15. The second disputed transaction was associated with BANCO SANTANDER BLVD. CUMBRES LOTE 1 M, Benito Juarez, Mexico.

16. Plaintiff disputed both transactions and asserted that the transactions were erroneous electronic fund transfers within the meaning of Regulation E.

17. Defendant's own account records reflected disputed ATM cash advance transactions totaling approximately $1,111.81.

18. Defendant additionally assessed foreign transaction fees relating to the disputed transactions.

19. On April 15, 2026, Plaintiff mailed a written notice of error and dispute letter to Defendant.

20. Plaintiff's written dispute identified Plaintiff's account information, debit card information, disputed transaction dates, disputed transaction amounts, transaction locations, reference numbers, and the basis upon which Plaintiff asserted the transactions were erroneous.

21. Plaintiff requested that Defendant investigate the disputed transactions and make appropriate corrections to Plaintiff's account.

22. On information and belief, Defendant received Plaintiff's written dispute correspondence on or about April 20, 2026.

23. Defendant's correspondence tracking system reflected that Plaintiff's correspondence request was received by mail and associated with Plaintiff's account.

3

24. Defendant's receipt of Plaintiff's written notice of error triggered obligations under 15 U.S.C. § 1693f and 12 C.F.R. § 1005.11.

25. Defendant failed to timely conduct a reasonable investigation into the disputed electronic fund transfers.

26. Defendant failed to provide provisional credit within the time required by Regulation E.

27. Defendant failed to provide Plaintiff with written findings or a written explanation concerning the results of any investigation.

28. Defendant failed to provide required notices concerning provisional credit rights.

29. By May 5, 2026, Plaintiff had not received provisional credit, investigation results, or any meaningful written response regarding the dispute.

30. On May 5, 2026, Plaintiff contacted Defendant by telephone regarding the status of the dispute.

31. During the call, Plaintiff spoke with a representative identified as "Quinton."

32. Plaintiff was informed that disputes were only accepted by telephone.

33. Regulation E permits consumers to submit written notices of error.

34. At the time Plaintiff was informed that disputes were only accepted by phone, Defendant had already received and logged Plaintiff's written mailed dispute correspondence.

35. Upon information and belief, Defendant failed to implement and maintain procedures reasonably adapted to comply with Regulation E concerning written notices of error.

4

36. As a direct and proximate result of Defendant's conduct, Plaintiff suffered actual damages including loss of disputed funds, foreign transaction fees, loss of use of funds, consequential financial harm, and substantial expenditure of time attempting to resolve the matter.

## COUNT I
### Violation of the Electronic Fund Transfer Act and Regulation E
### Failure to Properly Investigate Notice of Error

37. Plaintiff submitted a timely written notice of error concerning disputed electronic fund transfers.

38. Defendant received Plaintiff's written notice of error.

39. Pursuant to 15 U.S.C. § 1693f and 12 C.F.R. § 1005.11, Defendant was required to conduct a reasonable investigation after receiving Plaintiff's notice of error.

40. Defendant failed to conduct a timely and reasonable investigation concerning Plaintiff's notice of error.

41. Defendant failed to comply with the procedural requirements imposed by Regulation E after receiving Plaintiff's written notice of error.

42. Defendant's conduct violated the Electronic Fund Transfer Act and Regulation E, including but not limited to 15 U.S.C. § 1693f and 12 C.F.R. § 1005.11.

43. As a direct and proximate result of Defendant's conduct, Plaintiff suffered actual damages.

## COUNT II
### Violation of the Electronic Fund Transfer Act and Regulation E
### Failure to Provide Provisional Credit and Required Notices

44. Plaintiff submitted a timely written notice of error concerning disputed electronic fund transfers.

45. Defendant did not complete its investigation within the time permitted under Regulation E.

46. Regulation E required Defendant to provide provisional credit if the investigation was not completed within the required time.

47. Defendant failed to provide provisional credit within the time required by Regulation E.

48. Defendant failed to provide required written notices relating to provisional credit and investigation results.

49. Defendant failed to provide Plaintiff with a written explanation setting forth the results of any investigation.

50. Defendant's conduct violated the Electronic Fund Transfer Act and Regulation E, including but not limited to 15 U.S.C. § 1693f and 12 C.F.R. § 1005.11(c).

51. As a direct and proximate result of Defendant's conduct, Plaintiff suffered actual damages including loss of use of funds and expenditure of time attempting to resolve the matter.

## COUNT III
### Violation of the Electronic Fund Transfer Act and Regulation E
### Improper Conditioning of Error Resolution Rights on Telephone Submission

52. Plaintiff submitted a written notice of error that complied with Regulation E.

53. Defendant received and logged Plaintiff's written notice of error.

54. Defendant nevertheless informed Plaintiff that disputes were only accepted by telephone.

55. Regulation E permits consumers to submit written notices of error.

56. Defendant improperly conditioned Plaintiff's error resolution rights on telephone submission despite receiving Plaintiff's written dispute correspondence.

57. Defendant's conduct violated the Electronic Fund Transfer Act and Regulation E, including but not limited to 12 C.F.R. § 1005.11(b).

58. As a direct and proximate result of Defendant's conduct, Plaintiff suffered actual damages including loss of use of funds and expenditure of time attempting to resolve the matter.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff and against Defendant as follows:

A. Award actual damages pursuant to the Electronic Fund Transfer Act;

B. Award statutory damages pursuant to the Electronic Fund Transfer Act;

C. Award damages in the total amount of $9,500, inclusive of actual damages, statutory damages, consequential damages, and all other recoverable relief;

D. Award costs of suit;

E. Award such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable.

Respectfully Submitted,

BENJAMIN D. TARVER
450 South Orange Ave, 3rd Floor
Orlando, FL  32801
T: 407-308-2968
E: litigation@civilfilings.com

Dated: May 27, 2026                    *Plaintiff, Pro Se*

7