**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

|  |  |
|---|---|
| BENJAMIN D. TARVER,  ) | |
| ) | Case No. |
| Plaintiff,  ) | |
| ) | 6:26-cv-01129-AGM-DCI |
| v.  ) | |
| ) | |
| MORGAN STANLEY SMITH  ) | |
| BARNEY LLC,  ) | |
| ) | |
| Defendant.  ) | |
| ) | |

**PLAINTIFF'S NOTICE OF INABILITY TO FILE JOINT CASE MANAGEMENT**
**REPORT AND UNILATERAL SUBMISSION OF CASE MANAGEMENT REPORT**

Plaintiff Benjamin D. Tarver, proceeding pro se, files this Notice to explain why the Case Management Report submitted contemporaneously with this Notice is not joint and states:

1. Under Local Rule 3.02, the Uniform Case Management Report was due on July 27, 2026.

2. On July 14, 2026, thirteen days before the deadline, Plaintiff emailed counsel for Defendant a substantially completed proposed Uniform Case Management Report. Plaintiff invited Defendant to propose revisions and expressly stated that any disagreement could be reflected through separate party positions in the report.

3. On July 15, 2026, Defendant responded that it considered preparation of the Case Management Report premature because its motion to compel arbitration and requested stay remained pending. Defendant further stated that it would not participate in case management

-1-

because it believed doing so could be inconsistent with its asserted right to arbitrate.

4. On July 24, 2026, Plaintiff followed up and specifically asked whether Defendant maintained that position in light of the July 27 filing deadline. Defendant responded the same day that its position had not changed and again declined to participate.

5. Plaintiff is unaware of any order staying this action, extending the Case Management Report deadline, or otherwise relieving the parties of the requirements of Rule 26(f) and Local Rule 3.02. Because Defendant declined to participate, no joint planning conference occurred and no joint report could be completed.

6. Plaintiff therefore submits the completed Uniform Case Management Report unilaterally to place his proposed dates and positions before the Court and to avoid further delay. The report bears only Plaintiff's signature and identifies the portions for which Defendant supplied no position.

7. This Notice is not a motion and does not seek adjudication of the pending arbitration motion. It is filed solely to explain the unilateral submission and to document Plaintiff's efforts to comply with the applicable case-management deadline.

Plaintiff respectfully submits this Notice and the accompanying Uniform Case Management Report for the Court's information.

### Certification Under Penalty of Perjury That Artificial Intelligence Was Used in the Preparation of This Filing

I have reviewed the Standing Order Requiring Disclosure of the use of artificial intelligence. Artificial intelligence was used in the preparation of this filing in the following way: Artificial intelligence was used to assist with drafting, editing, formatting, grammar review, and organization of this filing. However, under penalty of perjury, I certify that before filing, I personally reviewed Rule 11 of the Federal Rules of Civil Procedure and I personally read every case. I understand that if a case upon which I rely does not exist or does not reasonably stand for the cited proposition, the Court may treat this as a violation of Rule 11 of the Federal Rules of Civil Procedure. I have reviewed Rule 11 of the Federal Rules of Civil Procedure and I understand that this rule applies equally to counsel and unrepresented parties, that as the person signing this filing I am the person who will be held responsible for its contents even if it was prepared by someone else, and I am familiar with the sanctions available for violations of Rule 11. If this certification is made by counsel, I further understand that citation to a case that either does not exist or does not reasonably stand for the cited proposition may be treated as a violation of my oath of candor toward the tribunal and a basis on which my admission to practice in the Middle District of Florida could be revoked or suspended. Further, whether I represent myself or I am an attorney representing a client, I understand that by making this certification under penalty of perjury I could be referred for criminal prosecution if the statements I make here are false.

Respectfully submitted,

BENJAMIN D. TARVER
450 South Orange Ave, 3rd Floor
Orlando, FL  32801
T: 407-308-2968
E: litigation@civilfilings.com

Dated: July 28, 2026

*Plaintiff, Pro Se*

-3-

## CERTIFICATE OF SERVICE

I hereby certify that on July 28, 2026, I served a true and correct copy of the foregoing

document by U.S. Mail, postage prepaid, on counsel of record for Defendant at the following

address:

Roger Handberg
GrayRobinson
301 E. Pine Street
Suite 1400
Orlando, FL 32801

I further certify that, upon docketing by the Clerk, counsel of record who are registered users

of the Court's CM/ECF system may receive electronic notice of this filing through CM/ECF.

BENJAMIN D. TARVER
*Plaintiff, Pro Se*